UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> ERIC A. BLOOM, ET AL. <br><br> Defendants. | Civil Action No. 07 C 4684 <br><br> Judge Kocoras |

_____

**FINAL JUDGMENT AS TO DEFENDANT ERIC A. BLOOM**

Plaintiff U.S. Securities and Exchange Commission (the "SEC") having filed a Complaint and Defendant Eric A. Bloom ("Defendant") having entered a general appearance, consented to the Court's jurisdiction over Defendant and the subject matter of this action; Defendant has agreed not to oppose entry of this Judgment after his conviction in <u>United States v. Eric A. Bloom</u>, Case No. 12 CR 409 (which was pending before the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Judge Guzman presiding), waived more specific findings of fact and conclusions of law other than as set forth herein; has waived any right to appeal from this Final Judgment; and has acknowledged that this Final Judgment shall remain in full force and effect regardless of the existence or outcome of any further proceedings in <u>United States v. Eric A. Bloom</u>, Case No. 1:12-cr-409, including Defendant's pending appeal of his criminal conviction; provided, however, that if the appellate

court vacates Defendant's criminal conviction, then upon motion by the Defendant, this Final Judgment will be vacated, and this action will be restored to an active docket:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

- (a) to employ any device, scheme, or artifice to defraud;
- (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
- (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant' agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)], while acting as an investment adviser within the meaning of Section 202(11) of the Advisers Act [15 U.S.C. § 80b-2(11)], by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operate as a fraud or deceit upon any client or prospective client.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], while acting as an investment adviser within the meaning of Section 202(11) of the Advisers Act [15 U.S.C. § 80b-2(11)], by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they are made, not misleading, to any investor or prospective investor in a pooled investment vehicle or otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 1/26/2016

_____
Charles P. Kocoras U.S. District Judge