UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SENTINEL MANAGEMENT GROUP, INC., ERIC A. BLOOM, AND CHARLES K. MOSLEY,<br><br>Defendants. | CASE NO. 07 C 4684<br><br>Judge Kocoras |

**FINAL JUDGMENT AS TO DEFENDANT CHARLES K. MOSLEY**

The Securities and Exchange Commission having filed a Complaint and Defendant Charles K. Mosley having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

    made, in light of the circumstances under which they were made, not misleading;

    or

  (c)  to engage in any transaction, practice, or course of business which operates or

    would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) or 206(2) of the Investment Advisors Act of 1940 ("Advisors Act") [15 U.S.C. §§ 80b-6(1) and 80-b-6(2)], by using the mails or any means or instrumentality of interstate commerce:

  (1) To employ any device scheme, or artifice to defraud any client or prospective client;

    or

  (2) To engage in any transaction, practice or course of business which operates as a fraud

    or deceit upon any client or prospective client.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 206(4) of the Advisors Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-(2) thereunder [17 C.F.R. §275.206(4)-2], by using

the mails or any means or instrumentality of interstate commerce, directly or indirectly to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative, as those terms have been defined by the SEC by rules and regulations, by taking custody of client funds or securities that were not maintained by a qualified custodian in a separate client account for each client under that client's name; or in accounts that contain only the clients' funds and securities, under the investment advisor's name as agent or trustee for the clients.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 1/26/2016

_Charles P. Kocoras_
Charles P. Kocoras
United States District Court Judge